IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARLOS LINDSEY,

                Plaintiff,

v.

STACEY HOEM, TORRIA VAN BUREN,
HEATHER SCHWENN, and MS. CLINE,

                Defendants.

OPINION and ORDER

19-cv-904-jdp

---

Pro se plaintiff Carlos Lindsey, a prisoner at Wisconsin Secure Prison Facility, alleges that defendants, four prison psychologists, refused to give him certain types of medical treatment for his posttraumatic stress disorder (PTSD) in violation of the Eighth Amendment to the United States Constitution. Lindsey also moves for expedited screening of his complaint, Dkt. 5, and for injunctive relief, Dkt. 6.

Last year, I barred Lindsey from filing most types of cases in this court because of his filing of false and unauthorized documents. *Lindsey v. Johnston*, No. 18-cv-398, Dkt. 47 (W.D. Wis. Dec. 17, 2018). Under this sanction, Lindsey may proceed only on a complaint alleging that he is in imminent danger of serious physical harm. *Id.* Lindsey doesn't make such an allegation, so I will dismiss his complaint and deny his motions as moot.

ALLEGATIONS OF FACT

The following facts are drawn from Lindsey's complaint, Dkt. 1, and attached documents, Dkt. 1-1 and Dkt. 1-2. I accept them as true for the purposes of considering Lindsey's complaint under his filing bar.

Lindsey was diagnosed with PTSD in 2014 by defendant Torria Van Buren. She noted that Lindsey showed "significant elevations" regarding "Suicidality (Ideation and Behavior subscales)" on a psychological examination. Dkt. 1-1, at 1. Lindsey says that Van Buren didn't provide him with "any identified medical treatment" after she made this diagnosis. Dkt. 1, at 2. But he says she continued to see him in counseling sessions, clinical monitoring, and segregation rounds.

The next event Lindsey describes occurred in 2019, when he asked defendant Stacey Hoem to provide him with exposure therapy and cognitive processing therapy. He told her that another doctor had told him that these types of therapy could be helpful if he was "invested in the process." Dkt. 1-2. Hoem responded that Lindsey's investment in the process was "an important and critical component" of treatment and told him to write a short essay about why he was "motivated to change [his] behavior and thinking." *Id.* Lindsey doesn't say whether he wrote such an essay or, if he did, whether Hoem responded.

Lindsey says that defendants Schwenn and Cline are also prison psychologists who have refused to treat his PTSD, but his complaint includes no specific allegations regarding these defendants.

Lindsey says that defendants' refusal to provide him with the types of therapy he's requested has caused him "physical and psychological harm," but he doesn't provide any details regarding these harms. Dkt. 1, at 3. He seeks money damages and an injunction requiring him to be transferred to a different institution to receive treatment for his PTSD from different psychological staff.

## ANALYSIS

The sanction I imposed against Lindsey allows him to file complaints alleging that he is in imminent danger of serious physical harm. This requirement is derived from the Prison Litigation Reform Act, which allows inmates with three "strikes" to file in forma pauperis only if they allege that they are in "imminent danger of serious physical injury," 28 U.S.C. § 1915(g). This standard requires an inmate to allege a physical injury that is imminent or occurring at the time he files his complaint and to show that the threat or prison condition causing the injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).

Allegations of untreated mental illness can meet this standard, *id.* at 331, but Lindsey doesn't allege that he isn't receiving treatment for his PTSD. In fact, his complaint says that Van Buren continued to see him in multiple settings, including counseling sessions, after diagnosing him with PTSD. And he doesn't allege that Hoem has refused to give him the treatment he seeks. Hoem asked him to write a short essay showing that he was "invested in the process" of healing, and he doesn't say whether he wrote such an essay or, if he did, how Hoem responded to it. And regarding Schwenn and Cline, Lindsey doesn't provide any details regarding his allegations against them beyond the vague allegations that they were assigned as his clinicians at some point and that they refused to treat his PTSD. Such "'vague and conclusory' assertions of withheld medical treatment" don't allege imminent danger. *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998)).

Because Lindsey hasn't alleged an imminent danger, I will dismiss this case under his filing bar and deny his motions as moot.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff Carlos Lindsey's failure to allege that he is in imminent danger of serious physical harm as required by the sanction issued in *Lindsey v. Johnston*, No. 18-cv-398, Dkt. 47 (W.D. Wis. Dec. 17, 2018).

2. Lindsey's motions for expedited screening of his complaint, Dkt. 5, and for injunctive relief, Dkt. 6, are DENIED as moot.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered November 13, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge